EJECTMENT. This ejectment was founded on a deed from A. Jamison, a former owner of the property, to John S. Vandyke in trust for his son, which deed the defts. alledged to be a forgery. It had not been recorded until about the time of bringing this suit though dated several years previous. Before recording, the deed was proved in open court by Henry Sinex one of the subscribing witnesses, the other being dead.
The defts. now called testimony to impeach the character of Sinex; which Bayard for plff. objected to on the ground that Sinex had not been examined as a witness in this cause. Not having been summoned or examined as a witness they were not prepared on their side to meet such an attack, nor was the other side entitled to make it. The witness also should have an opportunity to sustain his own character, and the administration of justice was concerned that the characters of testamentary or instrumental witnesses should not be thus attacked without opportunity of defence whenever the instrument itself was called in question.
To this it was answered by J. M. Clayton for deft. that the oath of Sinex gave to this deed its only consequence; without that oath the deed could not be read in evidence, and would be of no validity. The testimony therefore of Sinex is important to the plff. in this cause; and the defts. have a right to attack that testimony by showing that it is not of such character as can sustain this deed.
By the Court. — We think the defts. have a right to impeach the character of the witness who proved this deed. That probate is an ex parte proceeding. The doctrine contended for by plff. would lead to the worst of consequences. A felon convict, or insane man might go before the prothonotary and prove a deed which though forged, might not be invalidated unless you could attack the witness' character.
"In the progress of the cause Mr. Bayard submitted to a nonsuit; and Vandyke was arrested during the term and imprisoned on a charge of forgery.